**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JUDY C. MOSLEY,**
**CAROL L. HEENAN,**
**aka CAROL MUESSMAN,**

                    **Plaintiffs,**

        **v.**                                    **Case No.:  8:06-cv-592-T-27MSS**

**MARTIN S. AWERBACH, *et al.*,**

                    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

        This cause comes on for consideration of Plaintiffs' Motion to Proceed *In Forma Pauperis* (Dkt. 2-3).

**I.        BACKGROUND**

        Plaintiffs' Civil Rights Complaint Form (the "Complaint") (Dkt. 1) sets forth a detailed and complete rendition of the facts that led to Plaintiffs filing their Complaint. The facts are accepted as true <u>only</u> for purposes of evaluating Plaintiffs' request to proceed *in forma pauperis*.  It is expected that the facts would be contested in some respect if the matter were to proceed to litigation, as many of the facts alleged appear incongruent.

        In summary, Plaintiffs here allege that on April 21, 1999, Plaintiff, Judy C. Mosley ("Plaintiff Mosley"), filed a notice of *Lis Pendens* and Complaint in state court against Lacie Ann Hampton seeking to establish a constructive trust concerning Plaintiff Mosley's home (the "Property").  While the case was pending in state court, Plaintiff Mosley's daughter executed a promissory note for a mortgage in favor of Field Stone

1

Mortgage Co., which was subsequently transferred to Ocwen Federal Bank, FSB. Stewart Title Guaranty Co. insured the Property's title as being free of encumbrances. Plaintiff Mosley, who proceeded *pro se*, obtained a default judgment in her action against Ms. Hampton on February 15, 2000.

Plaintiff Mosley, unaware of any pending motions and believing she had a clear title when she received the default judgment on February 15, 2000, sold the Property to Mr. Paul McGinnis on July 6, 2000. Mr. McGinnis subsequently conveyed the Property, through a quitclaim deed, to Plaintiff Carol L. Heenan ("Plaintiff Heenan") on January 8, 2001.

On June 30, 2000, apparently before the conveyance to Plaintiff Heenan was completed, Defendant Mark M. Schabacker ("Defendant Schabacker") filed a motion to set aside the default judgment against Ms. Hampton. Plaintiff Mosley claims that Defendant Schabacker was hired by Stewart Title Guaranty Co. through Defendant Martin S. Awerbach ("Defendant Awerbach"), Stewart Title Guaranty Co.'s counsel, as counsel for Ms. Hampton without Ms. Hampton's knowledge or consent. At a September 12, 2000, hearing, Defendant Judge W. Lowell Bray, Jr. ("Defendant Judge Bray") granted the motion to set aside the default judgment against Ms. Hampton when Plaintiff Mosley failed to appear. Defendant Schabacker withdrew as Ms. Hampton's counsel on November 2000.

At the September 12, 2000, hearing, Defendant Judge Bray consolidated Plaintiff Mosley's case against Ms. Hampton with a foreclosure action instituted by Ocwen Federal Bank, FSB, against Plaintiff Mosley on January 7, 2000. Plaintiff Mosley claims that neither she nor Ms. Hampton had notice of the hearing and further, that Ms. Hampton was unaware she was being represented by any attorneys. At a February

2

2002 hearing in relation to the foreclosure action against Plaintiff Mosley, Defendant Judge Bray denied all of Plantiff Mosley's motions regarding Defendant Schabacker's attempt to set aside the default judgment against Ms. Hampton despite Ms. Hampton's failure to appear at the hearing.  On December 12, 2002, Defendant Judge Daniel D. Diskey ("Defendant Judge Diskey") ordered Plaintiff Mosley's case involuntarily dismissed based upon her failure to appear.  Plaintiff Mosley claims to have suffered injuries in a car accident and informed Defendant Judge Diskey's secretary that she would be unable to attend.  Stewart Title Guaranty Co. obtained summary judgment on the foreclosure action against Plaintiff Mosley on June 3, 2003, and was allowed to sell the Property on July 17, 2003.

Plaintiff Mosley filed a motion to enjoin the sale of the Property and set aside final judgment of foreclosure on November 18, 2003, arguing that Defendant Awerbach had improperly hired Defendant Shabacker to represent Ms. Hampton without her knowledge or consent.  The Property was sold on December 12, 2003, and Plaintiff Mosley unsuccessfully sought a writ of mandamus from the Second District Court of Appeals of Florida on March 2005.

## II.    COMPLAINT AND MOTIONS TO PROCEED *IN FORMA PAUPERIS*

### A.    Complaint

On the basis of their allegations, Plaintiffs are suing the Defendants, the parties, lawyers, title insurance company, all parties to or involved in the aforementioned transactions and proceedings, for denial of due process, illegal seizure of real property, denial of equal protection, deprivation of rights under color of law and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (Dkt.1 at 5)  Plaintiffs

seek relief in excess of $5,200,000 in compensatory, consequential and punitive damages as well as "whatever direct damages the Court deems appropriate," and $1,000 per day for each day Plaintiffs have been deprived of their home and Property. (Dkt. 1 at 12)  In support of these claims, Plaintiffs cite to U.S. Const. amend. IV, U.S. Const. amend. V, U.S. Const. amend. XIV, 18 U.S.C. §§ 241-42, 18 U.S.C. §§ 1961-68 and 28 U.S.C. § 1915.  (Id. at 5; Dkt. 2 at 1)  Plaintiffs claim that the Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 1983.  (Dkt. 2 at 1)

**B.      Plaintiff Mosley's Motion to Proceed *In Forma Pauperis***

In her Affidavit of Indigency, which the Court construes as a Motion to Proceed *In Forma Pauperis* (the "IFP Motion"), Plaintiff Mosley claims that she has been unemployed since 1998, owns an automobile valued at $500, lists no income at all from any source and claims that she received a total of $650 during the last twelve months from rent payments, interest, or dividends.

**C.      Plaintiff Heenan's Motion to Proceed *In Forma Pauperis***

Plaintiff Heenan claims in her Affidavit of Indigency, which the Court construes as an IFP Motion, that she has been unemployed since January 2000, owns property valued at $40,000, an automobile valued at $700 and claims that she has not received any income during the last twelve months from any sources including those designated as "other."

**III.    DISCUSSION**

When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915(a) (2000), "[t]he only determination to be made by the court . . . is whether the

statements in the affidavit satisfy the requirement of poverty." <u>Martinez v. Kristi</u>
<u>Kleaners, Inc.</u>, 364 F.3d 1305, 1307 (11th Cir. 2004) (quoting <u>Watson v. Ault</u>, 525 F.2d
886, 891 (11th Cir. 1976)).  When the threshold question of economic eligibility is
satisfied, the court then determines whether the IFP motion should be denied because
it has been filed against a defendant who is immune from monetary relief, fails to state
a claim, or is frivolous.  28 U.S.C. § 1915(e)(2)(B) (2000).

### A.    Allegations of Poverty

An IFP affidavit should be accepted as true "absent a serious
misrepresentation." <u>Martinez</u>, 364 F.3d at 1307.  Parties should not be "forced to
become public charges or abandon their claims because of the filing fee requirements."
<u>Id.</u> (citing <u>Adkins v. E.I. Du Pont de Nemours & Co.</u>, 335 U.S. 331, 339-340 (1948)).

Both IFP Motions include sworn statements in which Plaintiffs aver that they are
"unable to make prepayment of fees and costs or to give security therefor . . . and [had]
not, for the purpose of avoiding payment of said cost, divested [themselves] of any
property, monies, or any items of value."  (Dkt. 2 at 1; Dkt. 3 at 1)  Plaintiff Mosley's IFP
Motion indicated no net income and ownership of a $500 vehicle.  (Dkt. 2 at 3-5)  Based
on Plaintiff Mosley's sworn statement, her IFP Motion is sufficient on its face to
demonstrate economic eligibility for IFP status.

In Plaintiff Heenan's IFP Motion, she indicates that she has no net income and
owns of a $700 vehicle and a $40,000 property.  (Dkt. 2 at 2-6)  Plaintiff Heenan's
property ownership, however, does not affect her indigent status because Plaintiff
Heenan has no net income to allow for payments on any loan against her property's
equity making it unlikely that a lending institution would advance her a loan.  <u>See</u>
<u>Handley v. Union Carbide Corp.</u>, 622 F. Supp. 1065, 1066 (S.D. W. Va. 1985) (finding

5

that plaintiff met the IFP financial requirement despite ownership of a property valued at $30,000).  The Undersigned, therefore, finds that both Plaintiffs have made sufficient allegations of poverty and satisfied the threshold question of financial eligibility.  Thus, it is necessary to address the IFP Motion against the facial validity of the action Plaintiffs seek to assert in their IFP status.

### B.    Immune Defendants

Pursuant to 28 U.S.C. § 1915, a court may deny an IFP motion at any time if it "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C § 1915(e)(2)(B)(iii).  The doctrine of judicial immunity grants judges absolute immunity from monetary liability for acts performed in their judicial capacities.  Dennis v. Sparks, 449 U.S. 24, 27 (1980).  Judges are also absolutely immune from suit when (1) the acts in question were performed while he or she was dealing with the parties in his or her judicial capacity, (2) the acts were of the sort normally performed by judicial officers and (3) the judge's conduct did not fall clearly outside his subject matter jurisdiction. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), aff'd without opinion, 784 F.2d 403 (11th Cir. 1986).

The Undersigned finds that Defendants Judge Bray and Judge Diskey are entitled to absolute immunity from monetary relief.  First, as alleged in the complaint the acts in question were performed while Defendants Judge Bray and Judge Diskey were presiding on Plaintiff Mosley's case in their judicial capacities.  Second, the acts in question involved rulings on motions, consolidating cases and dismissing cases–all of which are acts normally performed by judicial officers.  Finally, the Plaintiffs make no allegations that either Defendant Judge Bray or Defendant Judge Diskey acted without subject matter jurisdiction.  As such, Plaintiffs' IFP Motions seek leave to file a

6

complaint which seeks monetary relief from Defendants who are immune from such relief and, consequently, should be denied as to any complaint which seeks relief against Defendants Judge Bray and Judge Diskey.

### C.    Failure to State a Claim

The IFP statute provides that the court shall deny an IFP motion as facially invalid at any time if the court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6), thus Rule 12(b)(6) standards apply when reviewing IFP motions under 28 U.S.C. § 1915(e)(2)(B)(ii).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief.  75 Acres, LLC v. Miami-Dade County, Fla., 338 F.3d 1288, 1293 (11th Cir. 2003).

The court construes the complaint in the light most favorable to the plaintiff and all well-pled allegations are taken as true.  White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999).  In the case of a *pro se* action, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.  Trawinski v. United Technologies, 313 F.3d 1295, 1297 (11th Cir. 2002) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  The plaintiff is not required to set forth all the facts upon which the claim is based, but she must provide a statement sufficient to place the defendants on notice of the nature of the claim.  Harris v. Procter & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996) (quoting Mann v. Adams Realty Co., 556 F.2d 288, 293 (5th Cir. 1977)).  A denial of an IFP motion as facially

invalid under § 1915(e)(2)(B)(ii) is warranted only when the facts alleged, if proven, will not justify recovery.  Clark v. Barcellona, Case No.: 8:05-cv-2020-T-27TGW, 2005 WL 3262956, at * 2 (M.D. Fla. Nov. 30, 2005).

1.    Conspiracy to Violate 42 U.S.C. § 1983

Plaintiffs allege that Defendants Judge Bray, Shabacker and Awerback conspired to violate Plaintiffs' civil rights, in violation of 42 U.S.C. § 1983 (2000). "Conspiring to violate another person's constitutional rights violates section 1983." Rowe v. Fort Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002).  While private individuals are generally not liable for their actions under § 1983, private persons conspiring with one or more state actors may be held liable for damages in a § 1983 action regardless of whether the state officials are themselves immune from suit. Dennis v. Sparks, 449 U.S. 24, 28-29 (1980); Kadivar v. Stone, 804 F.2d 635, 637 (11th Cir. 1986).  To state a conspiracy claim under § 1983, a plaintiff must allege "(1) a violation of [Plaintiffs'] federal rights; (2) an agreement among the Defendants to violate such a right; and (3) an actionable wrong."  Geidel v. City of Bradenton Beach, 56 F. Supp. 2d 1359, 1367 (M.D. Fla. 1999).  A section 1983 conspiracy claim must be pled with particularity, and simply claiming a conspiracy is insufficient to survive a motion to dismiss.  Id.; see also Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required."); Dolin ex rel. N.D. v. West, 22 F. Supp. 2d 1343, 1350 (M.D. Fla. 1998) ("[T]he plaintiff must plead § 1983 conspiracy claim with particularity, and simply claiming a conspiracy is not enough.").

Plaintiffs' Complaint does not establish a claim of conspiracy violative of 42 U.S.C. § 1983 because it fails to sufficiently allege that the Defendants conspired to

8

violate Plaintiffs' civil rights.  While the Complaint does state that the three Defendants formed a conspiracy, it does not supply any facts or evidence of an actual agreement between Defendants to violate Plaintiffs' rights.  Because neither the "Brief Statement of the Nature of the Action" contained in Plaintiffs' IFP Motions, nor the information in Plaintiffs' Complaint provided the Court with any information alleging an agreement between Judge Bray, Shabacker and Awerback to violate Plaintiffs' civil rights, Plaintiffs have failed to establish the elements necessary to plead a conspiracy to violate 42 U.S.C. § 1983.  Thus, the Undersigned finds that as alleged to date, Plaintiffs' complaint fails to state a cause of action under 42 U.S.C. § 1983.

      2.    RICO

"The four elements of civil RICO liability are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1311 (11th Cir. 2000).  "Racketeering activity" includes any act which is indictable under 18 U.S.C. § 1961(1).  Id. at 1311-12.  Plaintiffs have failed to identify generally or specifically which conduct they contend constitutes racketeering activity and have provided no information that Defendants engaged in a pattern of racketeering. The Undersigned, therefore, finds that the facts alleged, as submitted to date, will not justify recovery under RICO.

      3.    Private Right of Action under 18 U.S.C. §§ 241-42

Plaintiffs' allegations that Defendants Judge Bray, Shabacker and Awerback conspired to violate Plaintiffs' civil rights, in violation of 18 U.S.C. §§ 241-42 (2000), likewise do not present a valid cause of action.  Sections 241 and 242 are criminal statutes and do not create a private right of action.  Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989); see also Berry v. Florida, Case No.: 6:05-cv-1290-ORL-28JGG, 2006 WL

9

1280987, at *4 (M.D. Fla. May 5, 2006) (holding that 18 U.S.C. § 242 does not create a private cause of action); <u>Fundiller v. City of Cooper City</u>, 578 F. Supp. 303, 306 (S.D. Fla. 1984) (finding no private cause of action under 18 U.S.C. § 242), <u>rev'd on other grounds</u>, 777 F.2d 1436 (11th Cir. 1985) (ruling only on 42 U.S.C. § 1983 claims). Thus, the Undersigned finds that as submitted to date, Plaintiff's filings fail to state a claim on which relief may be granted.

Accordingly, for the foregoing reasons the Undersigned **RECOMMENDS** that Plaintiffs' IFP Motions (Dkt. 2-3) be **DENIED WITHOUT PREJUDICE**.

Respectfully submitted in Tampa, Florida on this 11th day of July 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:

Presiding District Court Judge
Unrepresented Parties
Counsel of Record